FILED

JUNE 13, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARGARITO HERNANDEZ and MARY TERESA AGUILLON, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. 2:07-CV-142-J |
| CAVINESS PACKING COMPANY, INC., a Texas Corporation, TERRY D. CAVINESS and BRENT J. BIRKHOLZ, Individuals, | § § § § § § | |
| Defendants. | § § § | |

## **MEMORANDUM OPINION**

On July 12, 2007, named Plaintiffs Margarito Hernandez and Mary Teresa Aguillon filed this representative action for claims of unpaid wages and overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b); claims of disparate and discriminatory pay under the Equal Pay Act (EPA), 29 U.S.C. §206(d); and claims of retaliation. On March 5, 2008, Defendants filed their *Motion for Summary Judgment.* Plaintiffs filed a response on March 27, 2008, and Defendants filed a reply on April 11, 2008. Defendants' *Motion for Summary Judgment* is GRANTED in part and DENIED in part.

### **I. BACKGROUND**

The named Plaintiffs were or are employed as hourly workers at the Caviness meat-packing facility in Hereford, Texas. Defendants Terry W. Caviness and Brent J. Birkholz are the

president and director of Caviness and the secretary and treasurer of Caviness, respectively. The Plaintiffs allege that Caviness did not pay its employees the overtime they were owed, did not pay them for all the hours that they worked, discriminated against female employees in their pay rates, and retaliated against employees who complained about these violations. Plaintiffs allege that they were not paid lawful wages under the FLSA for the following activities: standing in line to pick up their equipment, obtaining their equipment, donning and doffing sanitary and safety equipment, steeling knives and sanding steel, working before and after their scheduled start and end times, cleaning equipment, attending safety meetings, and removing equipment from their lockers for fumigation. The Plaintiffs also allege that they were not given a 15 minute break or a 30 minute lunch, and that they had their hourly time altered by Caviness employees.

In their motion for summary judgment, Defendants allege that there is no genuine issue of material fact as to the following: (1) that unpaid donning, doffing, cleaning or sharpening activities are not compensable work; (2) that the claims of certain opt-in Plaintiffs are barred by the statute of limitations; (3) that certain opt-in Plaintiffs have never been employed by Caviness; (4) that the doctrine of fraudulent concealment is not applicable to Plaintiffs' FLSA claims; (5) that Caviness Packing Company, Inc. and Brent J. Birkholz are not "employers" under the FLSA; (6) that the alter ego doctrine does not apply in this case; (7) that Plaintiffs' retaliation claims fail as a matter of law; and (8) that Plaintiffs' claims under the Equal Pay Act fail as a matter of law.

## II. DISCUSSION

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of

law." *Fed. R. Civ. P. 56(c)*. A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Summary judgment is also appropriate if "adequate time for discovery" has passed and "a party [] fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *quoting Celotex Corp.*, 477 U.S. at 323. The nonomvant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

The Defendants' *Motion for Summary Judgment* is denied except for the following:

### 1. Dismissal of Individual Plaintiffs' Claims

The Defendants argue that the claims of some Plaintiffs in this case are barred by the statute of limitations. Claims brought under the FLSA must ordinarily be brought within two

years after the cause of action accrued. 29 U.S.C. §255(a). However, if the violation was willful, the claims must be brought within three years. *Id.* In this case, the Court equitably tolled the statute of limitations on June 2, 2008, extending the period by 326 days. In order for a Plaintiff's claims to be time barred, then, they must not have worked for Caviness for three years and 326 days or longer before filing their consent form.

Defendants list 16 opt-in Plaintiffs who they assert were last employed by Caviness more than three years prior to the date on which they filed their opt-in consent forms. Of those 16, 10 have had their claims dismissed by the Court on May 29, 2008.[1] Of the remaining six challenged opt-in Plaintiffs, 5 are barred by the statute of limitations even considering the Court's equitable tolling. Defendants have presented evidence that Arturo Blanco was last employed by Caviness on September 11, 2000 and did not file his opt-in consent until August 20, 2007, over six years later. *Defendants' Appendix p. 711-12*. The evidence also shows that Roberto Gomez was last employed by Caviness on December 6, 1994 and did not file his opt-in consent until August 13, 2007, over 12 years later. *Id.* There is evidence that Javier Guerrero was last employed by Caviness on October 28, 1996 and did not file his opt-in consent until August 28, 2007, over 10 years later. *Id.* The evidence shows that Luis A. Martinez was last employed by Caviness on April 15, 1994 and did not file his consent until August 20, 2007, over 13 years later. *Id.* The evidence shows Richard Sierra was last employed by Caviness on April 7, 1999 and did not file his opt-in consent until August 20, 2007, over 8 years later.[2] *Id.* Plaintiffs have brought forth no evidence to challenge these dates, and there is no genuine issue of material fact as to the times that these Plaintiffs were employed.

---

[1] Those Plaintiffs were Armando Barrientos, Cecilio Caballero, Victor M. Carrasco, Efrain Cruz, Jose R. Enriquez, Maria de Jesus Gomez, Mark A. Maes, Santos D. Ortiz, Augustin Ramirez, and Jose Ruiz.
[2] The remaining opt-in Plaintiff on Defendants' list, Ricardo Chavez, however, was last employed by Caviness on May 12, 2004 and filed his opt-in consent on August 28, 2007. This is less than 3 years and 326 days later, and therefore summary judgment is inappropriate on his claims.

Defendants also list 14 opt-in Plaintiffs who they assert were last employed by Caviness more than two but less than three years prior to the date on which they filed their opt-in consent. Of those 14, 11 have had their claims dismissed by the Court on May 29, 2008.[3] Summary judgment is inappropriate as to the remaining 3 opt-in Plaintiffs: Angel L. Aquino, Esmeralda Cantu, and Palemon Maldonado.[4]

Defendants' motion for summary judgment on the claims of opt-in Plaintiffs Arturo Blanco, Roberto Gomez, Javier Guerrero, Luis A. Martinez, and Richard Sierra is GRANTED, and these five opt-in Plaintiffs are dismissed from this case.[5]

## 2. Fraudulent Concealment

In their complaint, Plaintiffs seek to toll the statute of limitations beyond three years based on the theory of fraudulent concealment. The burden is on the Plaintiffs to prove fraudulent concealment. *Cass v. Stephens*, 156 S.W. 3d 38, 64 (Tex. App. –El Paso 2004, pet. denied). The Plaintiffs must prove that: (1) "the defendant wrongfully concealed material facts related to defendant's wrongdoing"; (2) this concealment prevented the plaintiffs from being able to discover the nature of their claim within the limitations period; and (3) the plaintiffs exercised "due diligence" in attempting to discover the claim. *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2d Cir. 2002), *citing Corcoran v. New York Power Auth.*, 202 F.3d 543 (2d Cir. 1999), *cert. denied*, 529 U.S. 1109 (2000).

---

[3] Those Plaintiffs were Narcizo Alcala (Contreras), Jerry Alvarez, Carmen Calderon, Gilberto Corona, Nicolas Fraire, Jesse Garcia, Ismael Pena, Jose Rojas, Hector Rubio, Rene Tejada, and Luis Trevino.
[4] Plaintiffs Cantu and Maldonado fall within the appropriate statute of limitations when the equitable tolling is added to the two year minimum statutory limitation. Aquino's claims fall within the appropriate statute of limitations if the alleged FLSA violations were willful. There is a genuine issue of material fact as to whether or not any alleged violations were willful, and therefore the Court will not grant summary judgment on the claims of Angel Aquino.
[5] Defendants also argue that two of the opt-in Plaintiffs have never been employed by Caviness. Those Plaintiffs are Ricardo Ontiveros and Olga de los Santos. Both of these Plaintiffs were already dismissed by the Court on May 29, 2008 for failure to file a consent form after receiving corrective notice.

The Defendants have provided evidence that no information was concealed from the Plaintiffs. There is evidence that Plaintiffs noticed disparities on their paychecks between the number of hours they worked and the number of hours they were paid by their employer. Salvadore Flores and Manuel Galvan testified that they kept track of the hours they worked in notebooks to compare to the hours on their pay stubs. *Defendants' Appendix p. 390-395, p. 523-525.*[6] Plaintiffs have provided no evidence that any material facts were concealed or that any concealment prevented the Plaintiffs from discovering the nature of their claims within the limitations period. There is no genuine issue of material fact on this issue, and Defendants' motion for summary judgment on fraudulent concealment is GRANTED.

### 3. "Employer" Under the FLSA

Defendants request summary judgment that Caviness Packing Company, Inc. and Brent Birkholz are not employers under the FLSA for the purposes of this case. Under the FLSA, an employer includes any person acting "directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. §203(d). This definition is broad, and there is sufficient evidence in the record to create a genuine issue of material fact regarding whether or not Brent Birkholz is an "employer."

Defendants allege that Caviness Packing Company, Inc. is not an employer in relation to the Plaintiffs in this case. Defendants have presented evidence that Caviness Beef Packers, Ltd. is the entity that operates the Hereford, Texas plant. *Defendants' Appendix p. 170.* Defendants have also provided evidence that all employees who work at the Hereford plant are paid by Caviness Beef Packers, Ltd. *Defendants' Appendix p. 710.* Defendants have provided evidence that Caviness Packing Company, Inc. is merely the lessor of some assets and real estate used by

---

[6] Flores and Galvan are both Plaintiffs in cause No. 2:06-cv-315 and are not Plaintiffs in this case. Nevertheless, their testimony shows that at the Hereford Caviness plant, no information was withheld from kill floor workers.

Caviness Beef Packers, Ltd.. *Id. at 709-10*. Caviness Packing Company, Inc. has no employees and pays no wages or salaries. *Id. at 710*. Plaintiffs have presented no evidence that Caviness Packing Company, Inc. acts directly or indirectly in the interest of an employer in relation to the employee and should therefore be considered an "employer" under the FLSA. Defendants' motion for summary judgment that Caviness Packing Company, Inc. is not an employer under the FLSA is GRANTED. Defendant Caviness Packing Company, Inc. is dismissed from this case.

### 4. Alter Ego Doctrine

The Plaintiffs allege in their complaint that "[t]he various Caviness entities are the alter egos of [Terry W. Caviness] and [Brent] Birkholz, [and] are the alter egos of each other…" *Complaint, p.7*. The burden of proving an alter ego relationship is "on the shoulders of the party seeking to disregard the corporate entity." *Subway Equip. Leasing Corp. v. Sims*, 944 F.2d 210, 218 (5th Cir. 1993), *citing Matter of Multiponics, Inc*., 622 F.2d 709, 723 (5th Cir. 1980).

The Plaintiffs are thus trying to bring claims against the Caviness companies, Terry Caviness, and Brent Birkholz in two different ways: as employers under the FLSA and as alter egos. The burden of proving an alter ego relationship is therefore on the Plaintiffs.

In determining if a company is the alter ego of another, Courts consider a "laundry list of factors…" *United States v. Jon-T Chems., Inc*., 768 F.2d 686, 691 (5th Cir. 1985). These factors include whether or not the two companies have common stock ownership; common directors or officers; common business departments; file consolidated tax returns or financial statements; are jointly financed; are incorporated together; if one operates with "grossly inadequate capital"; if the salaries and expenses of one are paid by the other; if all the business of one is provided by the other; if the property of one is used by the other as its own; if the daily operations aren't kept

separately; and if one company does not "observe the basic corporate formalities…" *Id.* at 691-92.

A corporation is the alter ego of an individual if "there is such unity between corporation and individual…that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *Gibraltar Sav. v. LDBrinkman Corp.*, 860 F.2d 1275, 1288 (5th Cir. 1988), *citing Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986). Factors to be considered include "the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual…maintains over the corporation, and whether the corporation has been used for personal…purposes." *Id.*

The Plaintiffs have provided no evidence that the Caviness entities are the alter egos of one another.[7] Caviness Beef Packers, Ltd. operates Caviness Packing, Inc. in Hereford, Texas. *Defendants' Appendix, p. 170*. Alone, this is not evidence of an alter ego relationship. Plaintiffs have provided no evidence regarding the factors the Court considers in determining a company's alter ego status.

The Plaintiffs have also failed to provide any evidence that the Caviness entities are the alter egos of Terry Caviness or Brent Birkholz. Although there is evidence sufficient to raise genuine issues of material fact as to whether or not Caviness and Birkholz are individually employers under the FLSA, there is no evidence they have used the Caviness companies as alter egos. Terry Caviness is "virtually 100 percent owner of" Caviness Packing Company, Inc.. *Defendants' Appendix, p. 169*. However, there is no evidence regarding the level of

---

[7] There is some evidence about the relationship between Caviness Packing Company, Inc. and Palo Duro Meat Processing, Inc. in Amarillo, Texas. However, Palo Duro Meat Processing, Inc. is not a defendant in this case. Plaintiffs do not allege that it is an alter ego of the Caviness entities. Rather, the Plaintiffs claim that the Caviness entities are the alter egos of each other and of Terry Caviness and Brent Birkholz.

entanglement between Terry Caviness and the companies, no financial information, and no evidence that Terry Caviness has used the companies for personal purposes. There is no evidence that Brent Birkholz uses the companies as alter egos. Defendants' motion for summary judgment on the issue of applying the alter ego doctrine in this case is GRANTED.

### 5. Retaliation Claims

In their complaint, Plaintiffs allege that Caviness employees are regularly discriminated against by being placed in unfavorable positions or being terminated if they complain about unpaid overtime and other working conditions.

Success on a retaliation charge requires proof of the same elements required for Title VII claims. *Hashop v. Rockwell Co.*, 867 F. Supp. 1287, 1299 (S.D. Tex. 1994), *citing Strickland v. MICA Information Systems*, 800 F. Supp. 1320, 1323 (M.D.N.C. 1992). The three elements are: (1) that the employee engaged in a protected activity; (2) that an adverse employment action followed the protected activity; and (3) that there was a causal connection between that adverse action and the protected activity. *Collins v. Baptist Mem'l Geriatric Ctr.*, 937 F.2d 190, 193 (5th Cir. 1991). Engaging in a protected activity means that the employee must have "take[n] some actions which a reasonable employer would consider an assertion that employees are entitled to the overtime pay…" *York v. City of Wichita Falls*, 944 F.2d 236, 241 (5th Cir. 1991).

Defendants move for summary judgment with regard to the retaliation claims of Plaintiff Mary Teresa Aguillon. Defendants have provided evidence that Aguillon was last employed with Caviness in 2006. *Defendants' Appendix, p. 756*. Any adverse employment actions taken against Aguillon could not have resulted from her involvement in this lawsuit. Additionally, Aguillon testified at her deposition that she was fired for missing work. *Defendants' Appendix p.*

*794*. Aguillon did not mention at all that she thought she was fired for participation in a lawsuit, or complaining about overtime pay, or anything of that nature. Plaintiffs have provided no evidence that Aguillon was retaliated against. Defendants' motion for summary judgment on Plaintiff Aguillon's individual retaliation claims is GRANTED.

Defendants also move for summary judgment on the retaliation claims of Manuel Guzman and Jorge Guerrero. Manuel Guzman testified that he still works at Caviness. *Defendants' Appendix, p. 959*. He also testified that no one from Caviness had talked to him about the lawsuit, that his pay has not been reduced since he joined the lawsuit, that he has not changed job positions since he joined the lawsuit, and that nothing negative has happened in his employment since he joined the lawsuit. *Defendants' Appendix, p. 959-961*. Jorge Guerrero testified that he still works at Caviness. *Defendants' Appendix, p. 1016*. He also testified that no one at Caviness has talked to him about his joining the lawsuit, and that nothing bad has happened since he joined the lawsuit. *Defendants' Appendix, p. 1015-16*. The Plaintiffs have brought forth no evidence that either Guzman or Guerrero suffered any adverse employment action since joining the lawsuit. There is no genuine issue of material fact as to the retaliation claims of Plaintiffs Guzman and Guerrero, and Defendants' motion for summary judgment on their retaliation claims is GRANTED.[8]

### 6. Equal Pay Act Claims

In their complaint, Plaintiffs state that they are brining this case pursuant to the Equal Pay Act, although they do not list any Equal Pay Act claims as causes of action. Plaintiffs allege that female Caviness employees were discriminated against in their pay rates in comparison to male

---

[8] The Court will not yet rule on the retaliation claims of all other Plaintiffs. On June 2, 2008, the Court entered an order extending the discovery deadline to September 18, 2008. On the same date, the Court entered an order authorizing notice to potential plaintiffs similarly situated. The opt-in forms of any additional Plaintiffs are due on August 18, 2008.

employees. To prove a violation of the EPA, a Plaintiff must show that the employer is subject to the EPA; that the female employee was working in a position "requiring equal skill, effort, and responsibility under similar working conditions;" and that she was paid less than male employees. *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). This "necessarily requires a plaintiff to compare her skill, effort, responsibility, and salary with a person who is or was similarly situated." *Jones v. Flagship International*, 793 F.2d 714, 723 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065 (1987).

The Defendants have presented evidence that there is no pay disparity based on gender. In his deposition, plant manager Luis Arias testified that Caviness does not pay men and women differently. *Defendants' Appendix, p.87*. Defendants have also presented evidence that on average, women started out at $6.13 an hour and men started out at $6.15 an hour.[9] Plaintiffs have offered no competent summary judgment evidence to refute the Defendants' evidence. Salvadore Flores and Manuel Galvan testified that they were told by female employees that women were paid less than men, but that they had no other basis for their belief other than this hearsay. *Defendants' Appendix, p. 459-60, 589-91*. There is no genuine issue of material fact about wage disparity, and Defendants' motion for summary judgment on the Equal Pay Act claims is GRANTED.

### III. CONCLUSION

The Court denies Defendants' *Motion for Summary Judgment* on the following issues: (1) whether unpaid donning, doffing, cleaning or sharpening activities are not compensable work; (2) whether the claims of opt-in Plaintiffs Ricardo Chavez, Angel L. Aquino, Esmeralda Cantu,

---

[9] This average is without calculating the rate of pay for one male employee, an electronic technician. When the technician is included, the average starting pay for a male jumps to $6.36 per hour.

and Palemon Maldonado are barred by the statute of limitations; and (3) whether Brent Birkholz is an "employer" under the FLSA. The Court GRANTS Defendants' *Motion for Summary Judgment* on the following issues: (1) the claims of opt-in Plaintiffs Arturo Blanco, Roberto Gomez, Javier Guerrero, Luis A. Martinez, and Richard Sierra are barred by the statute of limitations; (2) the theory of fraudulent concealment is not applicable in this case; (3) Caviness Packing Company, Inc. is not an employer under the FLSA; (4) the alter ego doctrine is not applicable in this case; (5) the retaliation claims of Mary Teresa Aguillon, Jorge Guerrero, and Juan Guzman fail as a matter of law; and (6) the Equal Pay Act claims fail.

Opt-in Plaintiffs Arturo Blanco, Roberto Gomez, Javier Guerrero, Luis A. Martinez, and Richard Sierra are hereby dismissed from the case. Defendant Caviness Packing Company, Inc. is also dismissed from the case. The only remaining Defendants are Terry Caviness and Brent Birkholz, individually.

IT IS SO ORDERED.

Signed this 13th day of June 2008.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE**