
FILED
NOVEMBER 5, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARGARITO HERNANDEZ and<br>MARY TERESA AGUILLON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:07-CV-0142 |
| CAVINESS PACKING COMPANY,<br>INC., a Texas Corporation, TERRY D.<br>CAVINESS, Individually, and BRENT J.<br>BIRKHOLZ, Individually, | § § § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

On this date came for consideration plaintiffs' September 12, 2008 motion to compel reimbursement of expert fees. This motion was referred to the undersigned on September 30, 2008, for recommendation. On October 2, 2008, defendants filed their response to the motion and, on October 14, 2008, plaintiffs filed a reply to defendants' response.

By their motion, plaintiffs seek an order requiring defendants to reimburse plaintiffs for expert discovery costs. Plaintiffs contend Mr. Ingalls' status as an expert witness entitles him to reimbursement from defendants for the reasonable costs associated in the taking of his deposition pursuant to Rule 26(b)(4)(C), Federal Rules of Civil Procedure. Defendants contend Mr. Ingalls is not entitled to such costs because he is not an expert, is not qualified to be an expert, and will not be rendering any expert opinions at trial. Defendants do not directly challenge the amounts of costs being sought.

The plaintiffs have designated Mr. Jerry Ingalls as an expert in this case. No motion has

been filed to disqualify Mr. Ingalls as an expert or to challenge plaintiffs' designation of him as an expert. According to the pleadings filed relating to this motion, Mr. Ingalls has previously testified as an expert in the United States District Court, Northern District of Texas, Amarillo Division, in Case No. 2:97-CV-216, *Berumen v. Excel, Inc*.

The pleadings filed by the parties are relatively brief and do not contain substantial legal argument. Upon consideration of this issue and of the pleadings on file, it is the opinion and recommendation of the Magistrate Judge that defendants should pay, pursuant to Rule 26(b)(4)(C), Fed.R.Civ.P., the reasonable costs incurred by Mr. Ingalls in providing testimony at his deposition. Plaintiffs have identified the amount to be $1,658.20. In reaching this determination, the Court has considered all of the information submitted by the parties, including, but not limited to, the following:

1. Mr. Ingalls has been designated as an expert by plaintiffs.

2. The designation of Mr. Ingalls as an expert has not been challenged by defendants, other than through their opposition to this motion. No motion to disqualify has been filed.

3. As of the date of the entry of this recommendation, Mr. Ingalls is a designated expert witness in this case.

4. Based upon the pleadings submitted as to this motion, it does not appear there was any challenge to Mr. Ingalls' designation as an expert when defendants served their notice of deposition.

5. The notice of intention to take oral deposition was served on Mr. Ingalls "by and through his attorneys of record, Philip R. Russ" and the duces tecum called for the production of materials which would ordinarily be retained by an expert witness such as his curriculum vitae, an expert report prepared by him or by his office regarding the lawsuit, a list of tests and studies, treatises, photographs, brochures, manuals, and other writings relied upon by him to support his opinions and conclusions, etc.

Mr. Ingalls, at this time, remains a designated expert witness. The District Judge has not

disqualified Mr. Ingalls as an expert. It is the opinion and finding of the undersigned Magistrate Judge that Mr. Ingalls is entitled to reimbursement in the amount of $1,658.20, pursuant to Rule 26(b)(4)(C), Fed.R.Civ.P.

IT IS SO RECOMMENDED.

ENTERED this 5th day of November 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Findings and a recommended decision has been issued rather than a ruling. The parties are entitled to object to the recommended decision. Any objections must be filed within eleven (11) days of the date of this recommended decision, or on or before November 17, 2008.